# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

EDWARD K. LOVELESS
ADC #130502                                                                                                  PETITIONER

VS.                                          5:06CV00265 JLH/JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                                        RESPONDENT

### ORDER

Pending before the Court are Petitioner's Motion for Recusal (docket entry #29), and renewed Motions to Stay this § 2254 habeas action. (Docket entries #34 and #39.) For the reasons explained below, the Motions will be denied.

**1.      Motion for Recusal (docket entry #29)**

Petitioner requests the Court's recusal because it presided over a prior § 1983 action he filed, *Loveless v. State*, E.D. Ark. 4:04CV01240 JMM/JTR.[1] Petitioner believes that the Court will use its knowledge of that action to his detriment in this habeas case, and that the prior proceeding calls into question the Court's impartiality.

The fact this Court presided over Petitioner's prior § 1983 case is not a basis for recusal. Petitioner has not articulated any factual or legal basis warranting the Court's recusal.

---

[1] In his § 1983 case, Petitioner claimed that he was deprived of various constitutional rights while being transported between jails, because the defendants allegedly took certain personal property and legal papers from him. United State District Judge James M. Moody adopted the Court's Recommended Disposition granting the defendants' summary judgment. *Loveless v. State*, E.D. Ark. 4:04CV01240 JMM/JTR at docket entry #68. On appeal, the Eighth Circuit Court of Appeals summarily affirmed the grant of summary judgment. *Id.* at docket entry #77.

**2.     Renewed Motions to Stay (docket entries #34 and #39)**

Petitioner also requests the Court to stay this habeas action based on the following pending state court proceedings in which he purports to be pursuing unexhausted post-conviction claims: (1) a petition for declaratory judgment and mandamus originally denied in Jefferson County Circuit Court, and appealed to the Arkansas Supreme Court; (2) an unspecified petition for certiorari before the United States Supreme Court; and (3) an Arkansas Freedom of Information Act/ injunctive relief claim he is pursuing in Pope County Circuit Court.[2]

As the Court noted earlier in denying Petitioner's previous requests to stay (docket entries #21 and #27), it cannot discern how Petitioner's allegedly unexhausted "claims" involve an attack on the criminal convictions that are the subject of this habeas action. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (federal habeas action should be stayed "if the petitioner had good cause for his failure to exhaust [state court remedies], his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.") Likewise, as the Court also explained in denying Petitioner's previous Motions to Stay, he has already pursued to finality a direct appeal of the convictions for which he is in custody, and an appeal from the denial of state-court postconviction relief. *See Loveless v. State*, 2005 WL 477855 (Ark. Ct. App. 2005); *Loveless v. State*, 2006 WL 182067 (Ark. 2006).

---

[2]From the Court's review of the state-court pleadings submitted by Petitioner, it appears that his purportedly unexhausted "claims" generally involve his attempt to gain access to various documents and court records.

It is not apparent how Petitioner's purportedly unexhausted claims are cognizable in any Arkansas state-court habeas or extraordinary writ procedure. Because Petitioner has failed to establish that he has any potentially meritorious unexhausted state-court claims remaining, his Renewed Motions to Stay are without merit.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion for Recusal (docket entry #29) is DENIED.

2. Petitioner's Renewed Motions to Stay (docket entries #34 and #39) are DENIED.

Dated this 30th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE