**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


EDWARD K. LOVELESS
ADC #130502                                                                                    PETITIONER


VS.                                         5:06CV00265 JLH/JTR


LARRY NORRIS, Director
Arkansas Department of Correction                                                RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 habeas Petition filed by Petitioner, Edward Loveless. (Docket entry #2.)  Respondent has filed a Response (docket entry #5), and Petitioner has filed a Reply.  (Docket entry #25.)  Thus, the issues are joined and ready for disposition.  Before addressing Petitioner's claims, the Court will review the relevant procedural history of this case.

On May 12, 2003, Petitioner was convicted in Pope County Circuit Court of manufacture of methamphetamine and possession of paraphernalia with intent to manufacture methamphetamine. Petitioner was sentenced to an aggregate of 240 months' imprisonment.  (Docket entry #5, Ex. A.) Petitioner appealed his convictions to the Arkansas Court of Appeals, where he argued that the trial court erred in denying his motion to suppress.  The court rejected this argument on the merits and

affirmed.  *Loveless v. State*, 2005 WL 477855 (Ark. Ct. App. 2005) (unpublished decision).

On April 22, 2005, Petitioner filed a Motion for Rule 37 relief in Pope County Circuit Court, raising numerous postconviction claims.[1]  (Docket entry #5, Ex. D.)  On April 26, 2007, the court entered an Order denying Rule 37 relief.  (Docket entry #5, Ex. E.)

Petitioner filed a timely Notice of Appeal from the denial of Rule 37 relief.  While Petitioner's Rule 37 appeal was pending, Petitioner filed a Motion requesting a stay of the appeal so that he could pursue error *coram nobis* relief in circuit court.  On October 20, 2005, the Arkansas Supreme Court denied Petitioner's requested stay because he had not been granted permission to pursue error *coram nobis* relief in the trial court.  *Loveless v. State*, 2005 WL 2671521 (Ark. 2005) (unpublished *per curiam*).

Petitioner then filed a Motion requesting reconsideration of the Court's decision, based on him having been "misinformed" of the correct procedure for pursuing *coram nobis* relief.[2]  On January 26, 2006, the Court rejected this argument and denied Petitioner's Motion.  *Loveless v. State*, 2006 WL 182067 (Ark. 2006) (unpublished *per curiam*).  Additionally, because Petitioner had not filed a timely Appellate Brief, the Court dismissed his Rule 37 appeal pursuant to Ark. R. Sup. Ct. 4-5.  *Id.*

---

[1]Specifically, Petitioner raised the following claims in his Rule 37 Petition: (1) denial of his right to appeal because appointed counsel filed an Appellate Brief without consulting him; (2) ineffective assistance of counsel; (3)  a Fifth Amendment violation based on a coerced statement; (4) a Fourth Amendment violation based on  an unconstitutional search and seizure; (5) an unlawful arrest; (6) a Fifth Amendment violation based on "unauthorized negotiations" by Drug Task Force Officers; (7) prosecutorial misconduct; (8) denial of a fair trial; (9) denial of the right to counsel; and (10) denial of a speedy trial.  (Docket entry #5, Ex. D.)

[2]According to Petitioner, the source for this misinformation was an "instruction booklet" available to him in the Arkansas Department of Correction.

On October 12, 2006, Petitioner filed this § 2254 habeas action.  In his Petition, he asserts

the following grounds for habeas relief: (1) evidence introduced during his trial should have been

excluded based on an unconstitutional search of his home; (2) his due process rights were violated

based on prosecutorial misconduct, a denial of his Fifth Amendment right against self-incrimination,

an unlawful arrest, and the denial of his right to counsel; (3) he was denied his right to a direct

appeal; and (4) he was denied a speedy trial.  (Docket entry #2.)  Respondent argues that Petitioner's

grounds for habeas relief are without merit and are procedurally defaulted.  (Docket entry #5.)

For the reasons explained below, the Court agrees with Respondent's arguments.  Thus, the

Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be

dismissed, with prejudice.

## II.  Discussion

### A.    Unconstitutional Search and Seizure

According to Petitioner, the trial court should have suppressed evidence obtained by the

prosecution using a "defective" search warrant.  Specifically, Petitioner asserts that the search

warrant was based on "fraudulent" information.

Respondent argues that Petitioner's Fourth Amendment claim is barred by *Stone v. Powell*,

428 U.S. 465 (1976).  In *Stone*, the Court held that, "where the State has provided an opportunity for

full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state

prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482.  Rather, the

Court in *Stone* held that a habeas petitioner must show that he was denied a "full and fair opportunity

to litigate his claim" by demonstrating that the State "provided no corrective procedures at all to

address the alleged Fourth Amendment violation . . . [or] provided a corrective mechanism, but was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir.1994)).   The inquiry focuses on whether the petitioner "received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." *Id.*

In this case, defense counsel filed a pretrial Motion to Suppress and an Amended Motion to Suppress, challenging the search of Petitioner's home and a nearby trailer.   In these motion papers, defense counsel argued that the affidavits supporting the search warrants: (1) lacked sufficient indicia that the informant providing the information was reliable; and (2) failed to establish the time at which Petitioner engaged in the alleged criminal conduct with the informant.   (Docket entry #11, Trial Tr. at 116-19, 142-47.)   After conducting a suppression hearing, the court entered an Order denying the Motion to Suppress.   (Docket entry #11, Trial Tr. 47, 266-313.)   In Petitioner's direct appeal, the Arkansas Court of Appeals rejected Petitioner's argument that the trial court erred in denying the Motion to Suppress.   *Loveless v. State*,   2005 WL 477855 (Ark. Ct. App. 2005) (unpublished decision).

In Petitioner's Reply, he contends that the Fourth Amendment claims litigated in the suppression hearing and direct appeal are *not* the ones he is asserting in this habeas action.   (Docket entry #25 at 18-20.)   Petitioner now claims that these searches were unconstitutional because they began approximately two hours before "their own [police] records" reflect that they began.   *See* docket entry #25 at 19.   According to Petitioner, he raised this claim in a *pro se* Motion to Suppress filed *after* the trial court held the suppression hearing and denied his attorney's Motion to Suppress

-5-

and Amended Motion to Suppress.

The record supports Petitioner's claim that he filed a *pro se* Motion to Suppress, which was captioned "Defendant's Own Motion to Suppress." However, in this *pro se* Motion, he argued only that the evidence the state intended to introduce was obtained from a "defective search," without explaining how the search was allegedly defective. (Docket entry #11, Trial Tr. 52-55.) At a pretrial motions hearing, the trial court allowed both defense counsel and Petitioner to argue with respect to this *pro se* Motion. (Docket entry #11, Trial Tr. at 315-19.) Neither Petitioner nor his attorney made any additional arguments or claims with respect to the searches or search warrants, and the trial court denied the *pro se* Motion. (Docket entry #11, Trial Tr. 318-19.)

Petitioner has failed to demonstrate that he was not given a full and fair opportunity to develop the factual issues of his case during the suppression hearing conducted by the trial court and in the appeal of the trial court's decision to the Arkansas Court of Appeals. The trial court conducted an evidentiary hearing on Petitioner's Motion to Suppress the evidence obtained using the allegedly defective search warrants, and the lawfulness of these searches was raised on direct appeal. Because Petitioner was allowed a full and fair opportunity to litigate this Fourth Amendment issue, the Court recommends that this claim for habeas relief be denied.

**B.     Petitioner's Remaining Habeas Arguments**

Respondent argues that Petitioner's remaining habeas claims are procedurally defaulted because he failed to raise them on direct appeal, and because the Arkansas Supreme Court dismissed his Rule 37 appeal on adequate and independent procedural grounds.

A habeas petitioner must present his arguments to the state's highest court as a prerequisite for federal habeas review. *See Moore-El v. Luebbers*, 446 F.3d 890, 896-97 (8th Cir. 2006) (habeas

petitioner "must present both the factual and legal premises" of the claim to each appropriate state court and afford those courts "a 'fair opportunity' to review its merits" - where a petitioner fails to follow applicable state procedural rules in raising claims they are procedurally defaulted).  The Eighth Circuit has held that a state procedural rule is an "independent" state basis for decision when "it is neither intertwined with, nor dependent upon, federal law[.]" *Malone v. Vasquez*, 138 F.3d 711, 717 (8th Cir. 1998) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).  Furthermore, it is an "adequate" basis for a decision when it meets the test articulated in *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991): the state procedural rule "must have been firmly established, regularly followed, and readily ascertainable" when applied to the petitioner. *Malone*, 138 F.3d at 717.

In his direct appeal, Petitioner argued only that the search warrants violated the Fourth Amendment.  For the reasons explained earlier, this claim for habeas relief must be denied.

Petitioner's remaining claims were never properly presented to the Arkansas Supreme Court because his Rule 37 appeal was dismissed based on his not having filed a timely Appellate Brief. *See* Arkansas Supreme Court Rule 4-5.  Such a basis for dismissal constitutes an adequate and independent state procedural bar.  Thus, Petitioner is in procedural default of his remaining habeas claims.

Nonetheless, the Court may still proceed to the merits of Petitioner's claim if he can demonstrate the "cause and prejudice" or "actual innocence" exceptions to the procedural default doctrine.  "[T]he existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner makes a number of arguments aimed at excusing his procedural default.  First, he

claims that he intended to pursue his direct appeal *pro se*, and that the trial court essentially appointed a lawyer to represent him on direct appeal against his wishes.  According to Petitioner, his appellate counsel did not consult with him about the points raised in the Appellate Brief, and the first time he learned that his attorney had filed anything on his behalf was when he received a copy of the appellate mandate affirming his conviction.

Petitioner points to nothing in the record substantiating his claim that appellate counsel was "forced" on him.  In fact, Petitioner was represented by the same lawyer during trial and on direct appeal.  It is well settled that ineffective assistance of counsel can constitute cause excusing a procedural default only if the habeas petitioner properly raised the ineffectiveness claim in state court.  *See Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002).  Because Petitioner's Rule 37 appeal was dismissed, effectively precluding the Arkansas Supreme Court from deciding his ineffective assistance claims, he cannot rely on the alleged ineffectiveness of his appellate counsel as cause to excuse his procedural default.

Petitioner next contends that, some time after he was convicted, officials with the Pope County Sheriff's Office seized and destroyed legal papers, his eyeglasses, and an address book belonging to him.[3]  Petitioner suggests that this impeded his efforts to prosecute his Rule 37 claims, and specifically argues that  he was effectively "blinded" and could not read the legal materials that were available to him at the  prison law library.  (Docket entry #25 at 9-10.)  Petitioner also claims

---

[3]On October 22, 2004, Petitioner filed a §1983 action against Pope County Detention Center officers.  *See Loveless v. Lean, et al.*, E.D. Ark. No. 4:04CV01240 JMM/JTR at docket entry #2. Petitioner alleged, among other things, that the defendants unconstitutionally denied him access to the courts when they took personal property from him, including eyeglasses and legal papers.  *Id.* On May 31, 2006, United States District Judge James M. Moody entered an Order and Judgment granting defendants' Motion for Summary Judgment.  On appeal, the Eighth Circuit summarily affirmed Judge Moody's decision.  *Id* at docket entries #68, #70, and #77.

that an article in the prison law library mistakenly informed him that the procedurally correct way to pursue his postconviction claims was to file for error *coram nobis* relief in the trial court.

Petitioner has not made a showing of an "objective factor external to the defense" that impeded his efforts to file a timely Rule 37 Appellate Brief.  While Petitioner claims that he did not have access to his legal papers or eyeglasses, he nonetheless was able to file several *pro se* motions in the Arkansas Supreme Court, and to correspond with the Arkansas Supreme Court Criminal Justice Coordinator.  *See* Docket entry #11, Rule 37 Record.   Furthermore, the Eighth Circuit has held on several occasions that a *pro se* petitioner's unfamiliarity with the law is not a basis for the cause and prejudice exception to the procedural default rule. *Sherron v. Norris* , 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout* , 959 F.2d 727, 729 (8th Cir. 1992).  Thus, the Court concludes that Petitioner has failed to make a showing sufficient to invoke the cause and prejudice exception to the procedural default rule.

Finally, Petitioner makes the conclusory argument that he is "actually innocent" of his convictions but does not point to any new evidence of factual innocence.  In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." *See Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"); *see also Schlup v. Delo* , 513 U.S. 298, 327 (1995) (petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.")

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 8th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE